burden of proof to Bi-State to show there was no prejudice. Bi-State did not prove the absence of prejudice. The cause must be remanded.

Kennedy also claims error in the wording of respondent's converse instruction. This court finds no error. Appellant's verdict-directing instruction required the jury to find that there was a "worn and torn tread" on the step of the bus. Respondent's converse instruction required a finding of a "torn tread."

 The general rule is that a defendant has the option to converse one or more of the elements of a verdict director when the elements are submitted in the conjunctive. MAI 33.01, Converse Instructions—General Comment. See also *Anderson v. Cahill,* 528 S.W.2d 742, 747 (Mo. banc 1975) and *Einhaus v. O. Ames Co.,* 617 S.W.2d 519, 523 (Mo.App.1981). No error occurred.

Because of juror misconduct in this case, the judgment is reversed and the cause remanded for a new trial.

KELLY, P.J., and STEWART, J., concur.

Godfrey P. Padberg, St. Louis, for respondent.

REINHARD, Judge.

Husband appeals from a decree of dissolution. He has abandoned the first point in his brief. In his second point, he challenges the amount of child support awarded by the trial court. We have examined the record and find no abuse of discretion. The judgment is supported by substantial evidence and is not against the weight of the evidence. Neither does an error of law appear. A written opinion would have no precedential value. The judgment is affirmed in accordance with Rule 84.16(b).

KAROHL, P.J., and CRANDALL, J., concur.

**STATE of Missouri, Respondent,**

v.

**Donald Lee YOUNG, Appellant.**

No. 46906.

Missouri Court of Appeals,
Eastern District,
Northern Division.

March 27, 1984.

**Marianne VALLI, Respondent,**

v.

**James Anthony VALLI, Appellant.**

No. 47162.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 27, 1984.

Arthur L. Poger, Clayton, for appellant.